Mark G. Ledwin, Esq. (ML-6873)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
Attorneys for Plaintiff
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Email: mark.ledwin@wilsonelser.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN GUARANTEE AND            )
LIABILITY INSURANCE COMPANY       )
                                  )     Case No. 07-CIV-6038 (DAB)(THK)
             Plaintiff,           )
                                  )
vs.                               )
                                  )
GERALD M. LEMUS, Individually, and )
JOHN R. WATSON, Individually,     )
                                  )
             Defendants.          )
-------------------------------------------------------------X

## PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Plaintiff AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY ("Plaintiff" or "American"), by and through its undersigned attorneys, respectfully submits this Local Rule 56.1 Statement of Material Facts in support of American's motion for the entry of summary judgment against Defendants GERALD R. LEMUS ("Lemus") and JOHN R. WATSON ("Watson") (individually and together, jointly and severally, referred to as "Defendants"). All references herein to "Cookson Aff." are to the Affidavit of W. William Cookson and the Exhibits annexed thereto. All references herein to "Ledwin Dec." are to the Declaration of Mark G. Ledwin, Esq. and the Exhibits annexed thereto. All references herein to

1737846.1

"Answers" are to the Defendants' Answers to Plaintiff's Complaint (all of which are annexed to the Ledwin Dec. as Exhibits C, D and E, respectively).

1. Plaintiff American is an insurance company incorporated in the State of New York, with its statutory home office located at One Liberty Plaza, 165 Broadway, New York, New York 10006. [Cookson Aff., ¶ 3].

2. Defendant Lemus is an individual residing in Volusia County, Florida. [Cookson Aff., ¶ 4; Answers, ¶ 4].

3. Defendant Watson is an individual residing in Orange County, Florida. [Cookson Aff., ¶ 5; Answers, ¶ 5].

4. Non-party Independent Wholesale, Inc. ("Independent") is a distributor of certain products, including, but not limited to, cigarettes and loose tobacco products. [Cookson Aff., ¶ 6; Answers, ¶ 6].

5. Defendants Lemus and Watson are the principal owners of Independent. [Cookson Aff., ¶ 7; Answers, ¶ 7].

6. In order to distribute cigarettes and/or tobacco products in the State of Florida (the "State"), a business must attach a tax stamp to each product indicating that the State tax on the product has been paid. Such tax stamps are purchased from the State. [Cookson Aff., ¶ 7; Answers, ¶ 8].

7. Pursuant to Florida Statutes, a surety bond must be posted with the State by all wholesale distributors of cigarettes and tobacco products, which bond obligates the surety thereon to pay to the State any cigarette or tobacco taxes not paid by the principal on the bond. Once the bonds are posted, the distributor may purchase tax stamps on credit from the State in amounts up to the penal sum of the bonds. [Cookson Aff., ¶ 9; Answers, ¶ 9].

1737846.1

8. As requested by Defendants (which request is recited in the Agreements (as hereinafter defined)), on December 20, 2001, American issued to the State a Surety Bond having a penal sum in the amount of $1,000,000.00 (the "Cigarette Bond"), and providing bond credit for purchases by Independent of cigarette tax stamps, and a Surety Bond having a penal sum in the amount of $50,000.00 (the "Tobacco Bond"), and providing bond credit for purchases by Independent of loose tobacco products (the Cigarette Bond and the Tobacco Bond being referred to herein together as the "Bonds"). [Cookson Aff., ¶ 10, Ex. 1; Answers, ¶ 10].

9. In partial consideration of American's issuance of the Bonds, on December 20, 2001, and again on November 14, 2002, Defendants Lemus and Watson executed Agreements of Indemnity (the "Agreements"), and in which Lemus and Watson are referred to as Indemnitors and American is referred to as Surety. [Cookson Aff., ¶ 11, Exs. 2 and 3; Answers, ¶ 11].

10. The Agreements provide, *inter alia*:

INDEMNITY: The Indemnitors will exonerate, indemnify, and hold harmless Surety… against any and all liability, loss, cost, damages, fees of attorneys, and/or other expenses which the Surety…may sustain or incur by reason of, or in consequence of, the execution of such bonds and any renewal, continuation or successor thereof.

PLACE IN FUNDS: To further protect, exonerate and save harmless Surety …, the Indemnitors shall pay over to Surety, all sums of money which Surety shall pay or cause to be paid ***or may be liable to pay*** in connection with such Bond or other obligations, or on account of any demands, claims, liabilities, of whatever kind or nature in connection therewith. Such payment shall be made to Surety, as soon as Surety notifies Indemnitors to deposit such funds with Surety, ***whether or not Surety shall have paid out such sum or any part thereof***. Surety is hereby authorized to use such funds, or any part thereof, in payment or settlement of any such demand, claim, liability or other obligations for which Indemnitors may be liable to Surety under the terms of this agreement.

(emphasis added).

JURISDICTION: The Principal and Indemnitors irrevocably consent to the exclusive jurisdiction of the Courts of the County and State of new York and the Federal Courts of the Southern District of New York in all matters affecting or

1737846.1

arising out of their obligations under this Agreement and agree that the construction, validity and performance of this Agreement shall be governed by the laws of the State of New York.

EXECUTION/JOINT-SEVERAL: In addition to the rights and remedies provided herein,…Surety shall have any and all rights and remedies provided by law and/or in equity, all of which shall be cumulative…Surety may enforce this Indemnity Agreement against any or all of the Indemnitors and/or the Principal without first exercising any other right or remedy…The liability of the Principal and the Indemnitors shall be joint and several. The obligations of the Principal and the Indemnitors under this Indemnity Agreement are continuing obligations and may not be revoked.

[Cookson Aff., ¶ 12, Exs. 2 and 3, at ¶¶ 2, 4, 13 and 15; Answers, ¶ 12].

11. On April 21, 2006 (the "Petition Date"), Independent filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code captioned as *In Re: Independent Wholesale, Inc.*, Case No. 06-00882, in the United States Bankruptcy Court, Middle District of Florida (the "Bankruptcy Matter"). [Cookson Aff., ¶ 13; Answers, ¶ 13].

12. The Bonds were in effect continuously prior to and on the Petition Date. [Cookson Aff., ¶ 14].

13. On or about August 17, 2006, the State filed two (2) Proofs of Claim (respectively, the "Cigarette Proof of Claim" and the "Tobacco Proof of Claim," and together, the "Proofs of Claim") in the Bankruptcy Matter for cigarette tax stamps and tobacco tax stamps sold by the State to Independent on credit prior to the Petition Date and for which Independent has not paid. [Cookson Aff., ¶ 15, Exs. 4 and 5].

14. The State's Cigarette Proof of Claim claims $512,122.57 due and owing for cigarette tax stamps sold to Independent on credit on or prior to the Petition Date. [Cookson Aff., ¶ 16, Ex. 4].

1737846.1

15. The State's Tobacco Proof of Claim claims $128,889.44 due and owing for tobacco product tax stamps sold to Independent on credit on or prior to the Petition Date. [Cookson Aff., ¶ 17, Ex. 5].

16. Including the Proofs of Claim filed by the State, various unsecured and priority creditors of Independent have filed proofs of claim in excess of $1.55 million. Further, a secured creditor who alleges to have a lien on all of Independent's assets has filed a secured proof of claim in the sum of $8.597 million. [Cookson Aff., ¶ 18].

17. Independent filed a motion in the Bankruptcy Matter to sell substantially all of its assets for the sum of $3.098 million and which sum will be insufficient to pay off even its secured creditor. [Cookson Aff., ¶ 19; Answers, ¶ 21].

18. In light of the respective penal sums of the Bonds, American may be liable to the State for Independent's failure to pay for tax stamp purchases on or prior to the Petition Date in the total amount of $562,122.57, to wit., $512,122.57 in unpaid cigarette stamp taxes and $50,000.00 in unpaid loose tobacco stamp taxes (together, the "Bonded Tax Claims"). [Cookson Aff., ¶ 20].

19. The Bonded Tax Claims constitute "liability, loss, cost, damages, fees of attorneys, and/or other expenses which the Surety...may sustain or incur by reason of, or in consequence of, the execution of such bonds," as provided in the Agreements, and as to which Defendants are obligated to indemnify American. [Cookson Aff., ¶ 21].

20. The Bonded Tax Claims remain unpaid and outstanding. [Cookson Aff., ¶ 22].

21. American has incurred and paid attorneys' fees and expenses for the period of April 29, 2006 through August 31, 2007, in the sum of $51,365.86 in connection with the

1737846.1

Bankruptcy Matter and the instant litigation for which it is entitled to be indemnified by Defendants under the Agreements. [Cookson Aff., ¶ 23].

22. Specifically, American has paid attorneys' fees and expenses for the period of April 29, 2006 through July 25, 2007, in the amount of $26,927.01 representing fees of $24,435.50 and expenses of $1,491.51, in connection with the bankruptcy proceedings commenced by Independent Wholesale, Inc. in Florida bankruptcy court. [Cookson Aff., ¶ 23; Ledwin Dec., ¶ 3, Ex. A].

23. American has also paid attorneys' fees and expenses for the period of June 2, 2006 through August 31, 2007, in the amount of $24,438.85 representing fees of $23,011.70 and expenses of $1,427.15, in connection with the instant litigation against Defendants that was initially commenced in Florida state court, voluntarily dismissed without prejudice and then brought in this Court. [Cookson Aff., ¶ 23; Ledwin Dec., ¶ 4, Ex. B].

24. American has and will incur additional attorneys' fees and expenses in connection with the instant litigation and the preparation and filing of this motion of $12,000.00 which have yet to be billed. [Cookson Aff., ¶ 23; Ledwin Dec., ¶ 5].

25. American believes that all such attorneys' fees and expenses totaling $63,365.86 are reasonable. [Cookson Aff., ¶ 23; Ledwin Dec., ¶ 7].

26. American has posted a reserve of its own funds in excess of $613,000.00 to cover losses on the Bonds and related fees and expenses. In so doing, American has set aside and segregated funds to pay its obligations under the Bonds, thereby making such funds unavailable for other corporate purposes. [Cookson Aff., ¶ 24].

27. Pursuant to the express and unequivocal terms of the Agreements, the Defendants are unconditionally obligated to pay to American any and all amounts that American has paid or

may be liable to pay in connection with any losses on the Bonds, and any related fees, including but not limited to, attorneys' fees and expenses. [Cookson Aff., ¶ 25].

28.  American has duly demanded that Defendants comply with their obligations under the Agreements. [Cookson Aff., ¶ 26; Answers, ¶ 28].

29.  Defendants have failed and refused to place American in funds and otherwise to perform their obligations under the Agreements. [Cookson Aff., ¶ 27; Answers, ¶ 35].

30.  Under the express terms of the Agreements, Defendants are jointly and severally liable for their breach of the Agreements. [Cookson Aff., ¶ 29].

**WHEREFORE**, for the reasons more fully set forth in American's Memorandum of Law submitted herewith, American respectfully requests that the Court grant the instant motion for summary judgment and enter a judgment directing Defendants Lemus and Watson, individually, jointly and severally, to post collateral security in the sum of $562,122.57 representing the Bonded Obligations, together with the sum of $63,365.86 representing the reasonable attorneys' fees and expenses incurred by American in connection with the Bankruptcy Matter and the instant litigation, for an aggregate total judgment amount of $625,488.43, together with any and all other relief that this Court shall deem just and proper.

Dated: White Plains, New York
        November 9, 2007

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _/s/ Mark G. Ledwin_
Mark G. Ledwin, Esq. (ML-6873)
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Attorneys for Plaintiff American Guarantee Liability and Insurance Company

1737846.1