**EXHIBIT C**

Mark G. Ledwin, Esq. (ML-6873)
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
Attorneys for Plaintiff
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Email: mark.ledwin@wilsonelser.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN GUARANTEE AND              )
LIABILITY INSURANCE COMPANY         )      JUDGE BATTS
                                    )
            Plaintiff,              )      07 CIV 6038
                                    )      Case No. _____
                                    )
vs.                                 )
                                    )
GERALD M. LEMUS, Individually, and  )
JOHN R. WATSON, Individually,       )
                                    )
            Defendants.             )
-------------------------------------------------------------X

## COMPLAINT

Plaintiff AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY ("American"), by and through its undersigned counsel, hereby sues Defendants GERALD R. LEMUS ("Lemus") and JOHN R. WATSON ("Watson") (individually and together, jointly and severally, referred to as "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action between citizens of different States for damages in excess of $75,000.00, exclusive of interest and costs, and thus is within the jurisdiction of this Court under 28 U.S.C. § 1332(a)(1).

1586949.1

2. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because it is the District where a substantial part of the events or omissions giving rise to this action occurred, or a substantial part of the property that is the subject of the action is situated, and is also the District where the Defendants consented to be sued.

## PARTIES

3. Plaintiff American is an insurance company incorporated in the State of New York, with its statutory home office located at One Liberty Plaza, 165 Broadway, New York, New York 10006.

4. Defendant Lemus is an individual residing in Orange County, Florida.

5. Defendant Watson is an individual residing in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Non-party Independent Wholesale, Inc. ("Independent") is a distributor of certain products, including, but not limited to, cigarettes and loose tobacco products.

7. Defendants Lemus and Watson are the principal owners of Independent.

8. In order to distribute cigarettes and/or tobacco products in the State of Florida (the "State"), a business must attach a tax stamp to each product indicating that the State tax on the product has been paid. Such tax stamps are purchased from the State.

9. Pursuant to Florida Statutes, a surety bond must be posted with the State by all wholesale distributors of cigarettes and tobacco products, which bond obligates the surety thereon to pay to the State any cigarette or tobacco taxes not paid by the principal on the bond. Once the bonds are posted, the distributor may purchase tax stamps on credit from the State in amounts up to the penal sum of the bonds.

2

10. As requested by Defendants (which request is recited in the Agreements (as hereinafter defined)), on December 20, 2001, American issued to the State a Surety Bond having a penal sum in the amount of One Million and 00/100 Dollars ($1,000,000) (the "Cigarette Bond"), and providing bond credit for purchases by Independent of cigarette tax stamps, and a Surety Bond having a penal sum in the amount of Fifty Thousand and 00/100 Dollars ($50,000) (the "Tobacco Bond"), and providing bond credit for purchases by Independent of loose tobacco products (the Cigarette Bond and the Tobacco Bond being referred to herein together as the "Bonds"). True and correct copies of the Bonds are attached hereto as **Composite Exhibit 1** and incorporated by reference herein.

11. In partial consideration of American's issuance of the Bonds, on December 20, 2001, and again on November 14, 2002, Defendants Lemus and Watson executed Agreements of Indemnity (the "Agreements"), true and correct copies of which are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively, and incorporated by reference herein, and in which Lemus and Watson are referred to as Indemnitors and American is referred to as Surety.

12. The Agreements provide, *inter alia*:

INDEMNITY: The Indemnitors will exonerate, indemnify, and hold harmless Surety... against any and all liability, loss, cost, damages, fees of attorneys, and/or other expenses which the Surety...may sustain or incur by reason of, or in consequence of, the execution of such bonds and any renewal, continuation or successor thereof.

PLACE IN FUNDS: To further protect, exonerate and save harmless Surety ..., the Indemnitors shall pay over to Surety, all sums of money which Surety shall pay or cause to be paid ***or may be liable to pay*** in connection with such Bond or other obligations, or on account of any demands, claims, liabilities, of whatever kind or nature in connection therewith. Such payment shall be made to Surety, as soon as Surety

notifies Indemnitors to deposit such funds with Surety, ***whether or not Surety shall have paid out such sum or any part thereof***. Surety is hereby authorized to use such funds, or any part thereof, in payment or settlement of any such demand, claim, liability or other obligations for which Indemnitors may be liable to Surety under the terms of this agreement.

(emphasis added).

JURISDICTION: The Principal and Indemnitors irrevocably consent to the exclusive jurisdiction of the Courts of the County and State of new York and the Federal Courts of the Southern District of New York in all matters affecting or arising out of their obligations under this Agreement and agree that the construction, validity and performance of this Agreement shall be governed by the laws of the State of New York.

EXECUTION/JOINT-SEVERAL: In addition to the rights and remedies provided herein,...Surety shall have any and all rights and remedies provided by law and/or in equity, all of which shall be cumulative...Surety may enforce this Indemnity Agreement against any or all of the Indemnitors and/or the Principal without first exercising any other right or remedy...The liability of the Principal and the Indemnitors shall be joint and several. The obligations of the Principal and the Indemnitors under this Indemnity Agreement are continuing obligations and may not be revoked.

*See* Exhibits 2 and 3, at Paragraphs 2, 4, 13 and 15.

13. On April 21, 2006 (the "Petition Date"), Independent filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code to wit., *In Re: Independent Wholesale, Inc.*, Case No. 06-00882, United States Bankruptcy Court, Middle District of Florida (the "Bankruptcy Matter").

14. The Bonds were in effect continuously prior to and on the Petition Date.

15. On or about August 17, 2006, the State filed two (2) Proofs of Claim (respectively, the "Cigarette Proof of Claim" and the "Tobacco Proof of Claim," and together, the "Proofs of Claim") in the Bankruptcy Matter for cigarette tax stamps and tobacco tax stamps sold by the State to Independent on credit prior to the Petition Date

4

1586949.1

and for which Independent has not paid (true and correct copies of said Proofs of Claim are attached hereto as **Exhibit 4 and Exhibit 5**, respectively, and incorporated herein by reference).

16. The State's Cigarette Proof of Claim claims Five Hundred Twelve Thousand One Hundred Twenty-Two and 57/100 Dollars ($512,122.57) due and owing for cigarette tax stamps sold to Independent on credit on or prior to the Petition Date.

17. The State's Tobacco Proof of Claim claims One Hundred Twenty-Eight Thousand Eight Hundred Eighty-Nine and 44/100 Dollars ($128,889.44) due and owing for tobacco product tax stamps sold to Independent on credit on or prior to the Petition Date.

18. Independent has admitted to American that the State has extended the credit set forth in its Proofs of Claim.

19. Independent has advised American that the Bankruptcy Estate does not have sufficient assets to pay the debts owed to the State due to the mysterious disappearance of large amounts of cash from the business.

20. Including the Proofs of Claim filed by the State, various unsecured and priority creditors of Independent have filed proofs of claim in excess of $1.55 million. Further, a secured creditor who alleges to have a lien on all of Independent's assets has filed a secured proof of claim in the sum of $8.597 million.

21. Independent recently filed a motion in the Bankruptcy Matter to sell substantially all of its assets for the sum of $3.098 million and which sum will be insufficient to pay off even its secured creditor.

22. In light of the respective penal sums of the Bonds, American may be liable to the State for Independent's failure to pay for tax stamp purchases on or prior to the Petition Date in the total amount of Five Hundred Sixty-Two Thousand One Hundred Twenty-Two and 57/100 Dollars ($562,122.57), to wit., Five Hundred Twelve Thousand One Hundred Twenty-Two and 57/00 Dollars ($512,122.57) in unpaid cigarette stamp taxes and Fifty Thousand and 00/100 Dollars ($50,000.00) in unpaid loose tobacco stamp taxes (together, the "Bonded Tax Claims").

23. The Bonded Tax Claims constitute "liability, loss, cost, damages, fees of attorneys, and/or other expenses which the Surety...may sustain or incur by reason of, or in consequence of, the execution of such bonds," as provided in the Agreements, and as to which Defendants are obligated to indemnify American.

24. The Bonded Tax Claims remain unpaid and outstanding.

25. American may have further liability to the State under the Bonds for penalties, interest, and reasonable attorneys' fees and costs, as to which the State is entitled to amend its Proofs of Claim.

26. American has incurred attorneys' fees and expenses to date in excess of Twenty Thousand and 00/100 Dollars ($20,000.00) in connection with the Bankruptcy Matter for which it is entitled to be indemnified by Defendants under the Agreements.

27. American has posted a reserve of its own funds in the amount of Five Hundred Sixty-Two Thousand Six Hundred Twenty-Five and 00/100 Dollars ($562,625.00) to cover losses on the Bonds and related fees and expenses. In so doing, American has set aside and segregated funds to pay its obligations under the Bonds, thereby making such funds unavailable for other corporate purposes.

28. American has duly made demand upon the Defendants for indemnity pursuant to the Agreements.

29. Defendants have failed and refused to place American in funds and otherwise to perform their obligations under the Agreements.

30. All conditions precedent to the filing of this action have been satisfied and/or waived.

### COUNT ONE: BREACH OF AGREEMENT OF INDEMNITY
### (Lemus and Watson)

31. American re-alleges paragraphs 1 though 30 as though fully set forth herein.

32. American has incurred losses and costs and expenses, and may be liable to pay additional losses and may incur additional costs and expenses, pursuant to the Bonds or otherwise covered by the Agreements, for which Defendants are obligated to indemnify American under the express terms of the Agreements.

33. Pursuant to the express and unequivocal terms of the Agreements, the Defendants are unconditionally obligated to pay to American any and all amounts that American has paid or may be liable to pay in connection with any losses on the Bonds, and any related fees, including but not limited to, attorneys' fees and expenses.

34. American has duly demanded that Defendants comply with their obligations under the Agreements.

35. Defendants have failed and refused to place American in funds and otherwise to perform their obligations under the Agreements.

36. Defendants have breached their express obligations under the Agreements.

37. As a result of Defendants' breach of the Agreements, American has suffered actual damages, and may suffer further and additional damages.

38. American specifically reserves, and does not waive, the right to amend this Complaint to seek additional damages pursuant to the terms of the Agreements or otherwise.

39. Under the express terms of the Agreements, Defendants are jointly and severally liable for their breach of the Agreements.

**WHEREFORE**, American demands judgment against Defendants Lemus and Watson, individually, jointly and severally, for Five Hundred Sixty-Two Thousand One Hundred Twenty-Two and 57/100 Dollars ($562,122.57), plus any other amounts that American may be liable to pay to the State in connection with the Bonds and any and all interest, costs, expenses and/or attorneys' fees and other amounts that American has incurred or may incur as to which Defendant may be liable to American under the Agreements, and any and all other relief that this Court shall deem just and proper.

Dated: New York, New York
       June 19, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Plaintiff

By: /s/ Mark G. Ledwin
    Mark G. Ledwin, Esq. (ML-6873)

3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Email: mark.ledwin@wilsonelser.com

8

1586949.1